UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH M. RULISON,<br><br>   Plaintiff,<br><br>   v.<br><br>YOGURT PLAY, LLC d/b/a PEAKS FROZEN YOGURT BAR and THOMAS LENZ,<br><br>   Defendants. | Case No. C13-0454RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on defendants' "Motion for Partial Summary Judgment" (Dkt. #31) pursuant to Fed. R. Civ. P. (Rule) 56.[1] Defendants assert that plaintiff cannot establish the numerosity factor required for liability under Title VII. Motion (Dkt. #31) at 1. In her response, plaintiff moves to strike the declaration of Karen Kalzer and for leave to amend her complaint. Response (Dkt. #38) at 2, 5.

The Court has reviewed the parties' submissions. For the reasons discussed below, the Court GRANTS plaintiff's motion to strike the declaration of Karen Kalzer, GRANTS defendants' motion for partial summary judgment, and GRANTS plaintiff's motion for leave to

---

[1] Contrary to the requirements of Local Civil Rule 10(e)(9), defendants supplied a courtesy copy of their motion which was not printed from PACER and is not identical to the filed copy. The Court has considered the motion as filed in CM/ECF.

amend.

## II. DISCUSSION

### A. Background

Plaintiff was employed by defendant Peaks Frozen Yogurt Bar (Peaks) from January to June 2012. Amended Complaint (Dkt. #30) at 3. Plaintiff alleges that her manager, defendant Thomas Lenz, made overt sexual comments and committed sexually offensive actions against her throughout the course of her employment. Id. Plaintiff eventually ceased working at Peaks due to the alleged harassment. Id. at 5.

### B. Motion to Strike

Plaintiff has moved to strike defendants' declaration of Karen Kalzer pursuant to Local Civil Rule 7(g). Response (Dkt. #38) at 2. This motion is GRANTED. The declarant is defendants' counsel of record and states only that "[t]he facts set forth in the foregoing motion are true and correct." See Motion (Dkt. #31) at 6. Statements regarding the parties' contentions in this matter need no support other than an appropriate citation to the record. Ms. Kalzer has no personal knowledge of the underlying facts and cannot attest thereto.

### C. Summary Judgment

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see L.A. Printex Indus., Inc. v. Aeropostale, Inc. 676 F.3d 841, 846 (9th Cir. 2012). The moving party "bears the initial responsibility of informing the district court of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party need not "produce evidence showing the absence of a genuine issue of material fact" but instead may discharge its burden under Rule 56 by "pointing out ... that there is an absence of evidence to support the nonmoving party's case." Id. at 325. "An issue is 'genuine' only is there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party." In re

Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Defendants assert that summary judgment is appropriate on plaintiff's Title VII claims as Peaks does not meet the statutory definition of an employer. Motion (Dkt. #31) at 4. "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 41 U.S.C. § 2000e(b).

Defendants submitted into evidence Peaks' payroll summaries for the time period of plaintiff's employment. Tarcea Decl. (Dkt. #32) at 2. Defendants assert that these documents demonstrate that Peaks had a maximum of thirteen employees during the relevant time period under 42 U.S.C. § 2000e(b). Motion (Dkt. #31) at 4-5. In response, plaintiff has submitted an email from the Equal Employment Opportunity Commission (EEOC) confirming that Peaks employed 15 or more persons, Parker Decl. (Dkt. #39) Ex. A, and the Notice of Right to Sue from the EEOC. Id. Ex. B. Plaintiff also argues that Peaks has more than fifteen employees based on the information submitted in the Declaration of Bobby Tarcea. Response (Dkt. #38) at 5.

The email notifying plaintiff that Peaks employed fifteen or more persons is hearsay. Hearsay includes any out-of-court statement offered in evidence to prove the truth of the matter asserted. FRE 801(a), (c). Hearsay is inadmissible unless it falls within a hearsay exception under FRE 803, 804, or 807. Plaintiff has not identified an applicable exception that would make the EEOC email admissible. The Court therefore finds the EEOC email to be inadmissible.

Plaintiff's Notice of Right to Sue is per se admissible. See Plummer v. Western Int'l Hotels Co., 656 F.2d 502, 505 (9th Cir. 1981). "The fact that a determination from the EEOC is highly probative, however, does not support . . . the contention that an EEOC determination

letter is somehow a free pass through summary judgment." Mondero v. Salt River Project, 400 F.3d 1207, 1215 (9th Cir. 2005). Such EEOC letters "only report 'bare conclusions,' they have little probative value." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1284 (9th Cir. 2000) (internal citation omitted). The EEOC Notice here does not contain an express finding that Peaks employed at least fifteen people, much less report "what facts the EEOC considered and how it analyzed them" Id. It is therefore insufficient to raise a genuine issue of material fact as to the number of Peaks employees during the relevant time period.

Plaintiff's argument that Peaks had fifteen or more employees also fails. Plaintiff notes that "[e]xhibit 'A' to the declaration of Bobby Tarcea does not include Tarcea nor any of the company's partners as Peaks' employees but lists 16 names . . . ." Response (Dkt. #38) at 5. She concludes by listing a total of more than eighteen employees. Id. This is an incorrect application of § 2000e, which defines an employee as "an individual employed by an employer." 42 U.S.C. § 2000e(f). This means that the Peaks' ownership partners do not count as "employees" under § 2000e(b). Plaintiff claims that defendants' declaration "lists 16 names without a clear statement as to when they were employed." Response (Dkt. #38) at 5. As the declaration consists entirely of payroll summaries however, it is relatively simple to calculate how many employees were working for Peaks during a given week. See Tarcea Decl. (Dkt. #32) at 2. The maximum number of Peaks employees was thirteen on November 4, 2011. See id. Ex. A. at 17-21. The Court finds that defendants' evidence does not give rise to a reasonable inference that Peaks employed fifteen or more persons during the relevant time period.

Plaintiff has failed to provide more than a scintilla of evidence that Peaks is an employer subject to Title VII. Defendants' motion for partial summary judgment on plaintiff's Title VII claims are GRANTED.

**C. Motion for Leave to Amend Complaint**

Plaintiff has moved for leave to amend her complaint pursuant to Rule 15(a). Response (Dkt. #38) at 5. Plaintiff wishes to add a claim under the Fair Labor Standards Act (FLSA) as her

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT     -4-

fifth cause of action. See Parker Decl. (Dkt. #39) Ex. D at 10; Response (Dkt. #38) at 5-6. Under Rule 15(a)(2), "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court must heed this mandate barring a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). Defendants have not opposed the motion, and none of the Foman factors is apparent from the record. As plaintiff only requests "an additional federal remedy for her overtime claim," Response (Dkt. #38) at 6, the Court GRANTS plaintiff's motion for leave to amend her complaint.[2]

### III. CONCLUSION

For all the foregoing reasons, plaintiff's motion to strike is GRANTED (Dkt. #38), defendants' motion for partial summary judgment is GRANTED (Dkt. #31), and plaintiff's motion for leave to amend her complaint is GRANTED (Dkt. #38). The Clerk of the Court is directed to docket the proposed "Second Amended Complaint for Damages" that was filed as Exhibit D to the Declaration of Darryl Parker (Dkt. #39). The filing of the "Second Amended Complaint for Damages" does not reinstate plaintiff's Title VII claims.

Dated this 5th day of March, 2014.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

---

[2] If, as appears to be the case, plaintiff's primary motivation behind moving for leave to amend her complaint was to maintain federal jurisdiction should the Court grant defendants' motion for partial summary judgment, the amendment is unnecessary. The Court will exercise supplemental jurisdiction over plaintiff's remaining state law claims despite the dismissal of the Title VII claims. The Court therefore advises plaintiff to review her FLSA cause of action to determine whether the claim has merit or is merely being utilized as a vehicle to remain in federal court.