UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH M. RULISON,

        Plaintiff,

    v.

YOGURT PLAY, LLC d/b/a PEAKS FROZEN YOGURT BAR and THOMAS LENZ,

        Defendants.

Case No. C13-0454RSL

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on plaintiff's "Motion for Partial Summary Judgment" (Dkt. #33) pursuant to Fed. R. Civ. P. (Rule) 56. Plaintiff asserts that she is entitled to summary judgment on four of her fourteen causes of action. Motion (Dkt. #33) at 9. Defendants have not filed an opposition to this motion.[1]

The Court has reviewed plaintiff's submissions. For the reasons discussed below, the Court DENIES plaintiff's motion for partial summary judgment.[2]

---

[1] Defendants did not respond to plaintiff's motion for partial summary judgment and have not filed in this case since their motion for partial summary judgment on January 14, 2014 (Dkt. #31). It is not clear whether defendants are actively contesting plaintiff's remaining claims.

[2] Although LCR 7(b)(2) states that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit," Heinemann v. Satterberg, 731 F.3d 914, 916 (9th Cir. 2013), the Ninth Circuit found that "this local rule conflicts with

ORDER DENYING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT

## II. DISCUSSION

**A. Background**

Plaintiff was employed by defendant Peaks Frozen Yogurt Bar (Peaks) from January to June 2012. Amended Complaint (Dkt. #30) at 3.[3] Plaintiff alleges that her manager, defendant Thomas Lenz (Lenz), made overt sexual comments, committed sexually offensive actions, and sent offensive text messages throughout her employment. Id. Plaintiff eventually ceased working at Peaks due to the alleged harassment. Id. at 5. When confronted with plaintiff's accusations, Lenz admitted sending the inappropriate text messages. Motion (Dkt. #33) at 8. Lenz was subsequently suspended and then resigned. Wong Decl. (Dkt. #36) Ex. A at 12.

**B. Summary Judgment**

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see L.A. Printex Indus., Inc. v. Aeropostale, Inc. 676 F.3d 841, 846 (9th Cir. 2012). The moving party "bears the initial responsibility of informing the district court of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "An issue is 'genuine' only is there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party." In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008) (internal citations omitted). A party "against whom a motion for summary judgment is directed need not file any contravening affidavits or other material but is entitled to a denial of the motion . . . where the movant's papers are insufficient on their face or themselves demonstrate the existence of a material issue

---

the Federal Rule [56]." The Court must address the merits of plaintiff's motion despite the lack of an opposition. The Court denies plaintiff's motion because evidence submitted in the Declaration of Ada K. Wong (Dkt. #36) shows the existence of a genuine issue of fact.

[3]Any citations to plaintiff's First Amended Complaint (Dkt. #30) apply to the Second Amended Complaint this Court granted leave to file in its "Order Denying Defendants' Motion for Partial Summary Judgment."

of fact." Hamilton v. Keystone Tankship Corp., 539 F.2d 684, 686 (9th Cir. 1976).

Plaintiff has moved for summary judgment on four of her fourteen causes of action: that Lenz created a hostile work environment in violation of the Washington Law Against Discrimination (WLAD), that Lenz created a hostile work environment in violation of Title VII of the Civil Rights Act, that workplace harassment caused plaintiff to be constructively discharged, and that Lenz intentionally caused plaintiff extreme emotional distress. Motion (Dkt. #33) at 9.

**1. Hostile Work Environment (WLAD)**

In order to bring a hostile work environment claim under WLAD, plaintiff must demonstrate that 1) the harassment was unwelcome; 2) the harassment was because of sex; 3) the harassment affected the terms or conditions of employment; and 4) the harassment is imputed to the employer. Glasgow v. Georgia-Pacific Corp., 103 Wn.2d 401, 406-07, 693 P.2d 708 (Wash. 1985). "In order to constitute harassment, the complained of conduct must be unwelcome in the sense that the plaintiff-employee did not solicit or incite it, and in the further sense that the employee regarded the conduct as undesirable or offensive." Id at 406.

Plaintiff alleges that "Lenz's conduct . . . was unwelcome and unwarranted" and that she "never solicited or invited Lenz's harassing conduct." Motion (Dkt. #33) at 10, 13. However, plaintiff submitted portions of Lenz's deposition which present a substantially different version of events.[4] Although plaintiff asserts that "[d]efendants have claimed the conduct was consensual but do not have a scintilla of evidence that demonstrates that," id. at 13, Lenz's deposition testimony does raise a genuine issue of material fact concerning whether the conduct was unwelcome. The Court therefore DENIES summary judgment on plaintiff's WLAD claim.

---

[4] Lenz claims that they "both played an equal part," Wong Decl. (Dkt. #36) Ex. A at 36, and referred to his relationship with plaintiff as "our thing." Id. at 29. He alleges that plaintiff was an active, consensual participant in the relationship. See id. at 26.

ORDER DENYING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT   -3-

**2. Hostile Work Environment (Title VII)**

This Court has previously granted summary judgment to defendants on plaintiff's Title VII claims. See Order Denying Defendants' Motion for Partial Summary Judgment. The Court therefore DENIES as moot plaintiff's motion for summary judgment on her Title VII claims.

**3. Constructive Discharge**

"To establish constructive discharge, the employee must show: 1) a deliberate act by the employer that made his working conditions so intolerable that a reasonable person would have felt compelled to resign; and 2) that he or she resigned because of the conditions and not for some other reason." Washington v. Boeing Co., 105 Wn. App. 1, 15, 19 P.3d 1041 (Wash. Ct. App. 2000). The "intolerable" element requires a showing of "aggravated circumstances or a continuous pattern of discriminatory treatment." Id. at 16. As with plaintiff's WLAD claim, there is a genuine issue of material fact concerning whether her relationship with Lenz was consensual. See Wong Decl. (Dkt. #36) Ex. A at 26, 29, 36. If their relationship was consensual, it will be difficult for plaintiff to carry her burden under the "intolerable" prong of constructive discharge. The Court therefore DENIES summary judgment on plaintiff's constructive discharge claim.

**4. Intentional Infliction of Emotional Distress (IIED)**

"To establish an intentional infliction of emotional distress claim, a plaintiff must show 1) extreme and outrageous conduct; 2) intentional or reckless infliction of emotional distress; and 3) severe emotional distress on the part of the plaintiff." Boeing, 105 Wn. App. at 17. The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Grimsby v. Samson, 85 Wn.2d 52, 59, 530 P.2d 291 (Wash. 1975) (internal citation omitted). Plaintiff's IIED claim suffers from the same flaw as her WLAD and constructive discharge causes of action. As discussed above, there is a genuine issue of material fact concerning whether the relationship between plaintiff and Lenz was consensual. See Wong

ORDER DENYING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT   -4-

Decl. (Dkt. #36) Ex. A at 26, 29, 36. If the relationship was consensual, the Court cannot conclude as a matter of law that Lenz's conduct was so outrageous as to fit within Grimsby. The Court therefore DENIES summary judgment on plaintiff's IIED claim.

### III. CONCLUSION

For all the foregoing reasons, the Court DENIES plaintiff's motion for partial summary judgment (Dkt. #33). Defendants shall, within seven days of the date of this Order, file a statement regarding their intent to defend this action going forward.

Dated this 5th day of March, 2014.

*[signature]*
Robert S. Lasnik
United States District Judge